UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYSHAWN SIMMONS,

                    Petitioner,

          v.                                                9:20-CV-1344
                                                            (TJM)
WARDEN LOVETT,

                    Respondent.

APPEARANCES:                                    OF COUNSEL:

TYSHAWN SIMMONS
22221-055
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HON. ANTIONETTE T. BACON                        RANSOM P. REYNOLDS, III, ESQ.
Acting United States Attorney for the           Ass't United States Attorney
Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

THOMAS J. McAVOY
United States Senior District Judge

**DECISION and ORDER**

## I.     INTRODUCTION

          Petitioner Tyshawn Simmons seeks federal habeas corpus relief pursuant to 28

U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 4, Exhibit.  Respondent answered the

petition.  Dkt. No. 9, Answer; Dkt. No. 9-1, Magnusson Decl.  Petitioner did not file a reply.

## II.    BACKGROUND

          As summarized by Cheryl Magnusson, in her declaration submitted in support of the

respondent's answer, and as is relevant to the pending petition, "[a]s a result of [a] disciplinary action, on or about April 4, 2018, petitioner was disallowed 41 (forty-one) days of Good Conduct Time[ ("GCT").]"  Magnusson Decl. ¶¶ 5-6; *see also* Dkt. No. 9-1 at 7 (recording of petitioner's inmate discipline data indicating a disciplinary disposition for 41 days loss of GCT).

Petitioner challenges this disciplinary report and resulting disposition.  Pet. at 2, 9. Specifically, petitioner argues that the disciplinary hearing violated his Due Process rights because internal policies were not followed, the process was untimely, and the hearing officer was biased.  *Id.* at 6, 11-14; *see also* Magnusson Decl. ¶ 6.  Petitioner seeks expungement of his record and restoration of his GCT.  *Id.* at 7, 14.

Petitioner argues that he appealed the disciplinary disposition to the facility's administration several times before discovering that no disciplinary hearing officer report had been created.  Pet. at 9-11, 18-23.  Petitioner appealed the disposition to the Southeast Regional Office on November 28, 2019, and the appeal was denied on March 20, 2019.  *Id.* at 2, 25-26.  Petitioner then appealed to the General Counsel for the Bureau of Prisons on April 10, 2019, and his appeal was again denied on June 18, 2019.  *Id.* at 3.[1]

"Upon review of th[e p]etition, BOP has determined that [the disciplinary disposition] . .

---

[1] Petitioner has already filed two habeas petitions pursuant to § 2241 concerning this disciplinary disposition. *See Simmons v. Joyner*, No. 7:19-CV-0066 (E.D.Ky 2019) ("*Simmons I*"); *Simmons v. Joyner*, No. 7:19-CV-0097 (E.D.Ky 2019) ("*Simmons II*").  The petition in *Simmons I* was dismissed without prejudice for failure to properly commence the action.  *Simmons I*, Dkt. No. 5, Order of Dismissal.

On April 16, 2020, the petition in *Simmons II* was dismissed without prejudice because petitioner had just been provided with his disciplinary hearing report.  *Simmons II*, Dkt. No. 17, Order, at 1.  Accordingly, the court decided "the best way to proceed is to dismiss [the] current petition without prejudice so that [petitioner] can go back and properly pursue his administrative remedies within the Bureau of Prisons' system."  *Simmons II*, Order at 2. Further, "as soon as [petitioner] has fully exhausted his administrative remedies afresh, he may file a new habeas petition in federal court if he still has not been granted the relief he seeks."  *Id.*  The petition does not include any facts about a second attempt at exhausting administrative remedies in 2020.

. should be expunged, [petitioner's] GCT restored, and his sentence computation

recalculated."  Magnusson Decl. ¶ 7.  Accordingly, "Petitioner's Sentence Computation was

updated on or about March 3, 2021, to reflect restoration of 41 (forty-one) days of GCT,

which results in an updated Projected Release Date of July 29, 2036[.]"  *Id.; see also* Dkt.

No. 9-1 at 12 (document from Sentence Computation Data indicating on "3-3-21: IR

expunged [and] GCT restored[.]").

## III.    DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255.

*See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers

v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Section 2241 is the proper vehicle to

challenge the execution of a sentence.  *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For

example, a petitioner may use a section 2241 petition to challenge a federal official's

computation of a sentence, parole decisions, or prison disciplinary actions.  *Cook v. N.Y.S.

Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.

2001).  Petitions filed under section 2241 must name the petitioner's warden as respondent

and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v.

Padilla*, 542 U.S. 426, 435, 447 (2004).

Here, petitioner is a federal inmate, confined at Ray Brook, seeking to challenge a

BOP disciplinary disposition and the resulting sanction.  Namely, petitioner argues that he is

entitled to have the disposition expunged and his GCT restored.  Therefore, the habeas

petition is brought properly pursuant to section 2241.

"Article III, Section 2 of the United States Constitution limits the subject matter of the

federal courts to those cases which present a 'case or controversy.'" *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668, at *2 (N.D.N.Y. June 2, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Accordingly, "in order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time it is filed." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007).  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Here, because the BOP reexamined petitioner's file and decided to expunge his disciplinary record, restore his GCT, and recalculate his sentence, petitioner has received the relief he requested.  Petitioner has not raised any other grounds for habeas relief and does not contend that he is currently being held in custody in violation of the Constitution or any other federal law.  Accordingly, because the relief sought can no longer be given, no live controversy remains.  Thus, petitioner's claim for relief is denied as moot.

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: July 30, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

4